UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ASIAN AMERICAN ENTERTAIMENT CORPORATION, LIMITED, a Macau Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>LAS VEGAS SANDS CORPORATION, a Nevada Corporation, LAS VEGAS SANDS, LLC, a Nevada limited liability company, VENETIAN CASINO RESORT, LLC, a Nevada limited liability company, SHELDON ADELSON, an individual, WILLIAM WEIDNER, an individual, DAVID FRIEDMAN, an individual and DOES 1-50,<br><br>Defendants. | Case No. 2:14-cv-01124-RFB-GWF<br><br>**ORDER** |

This case is before the Court on Defendants' Motion to Dismiss (ECF No. 21) and Motion for Sanctions (ECF No. 32).

**I. Motion to Dismiss**

On July 9, 2014, Plaintiff filed its case in this Court. ECF No. 1. On November 10, 2014, Defendants filed a motion to dismiss the Complaint in its entirety and a memorandum of supporting points and authorities. ECF No. 21. Local Rule 7-2(b) states that "Unless otherwise ordered by the Court, points and authorities in response shall be filed and served by an opposing party fourteen (14) days after service of the motion." Plaintiff's response to Defendants' Motion to Dismiss was due November 27, 2014. Plaintiff failed to respond within the appropriate deadline.

1   Instead, Plaintiff filed a Notice of Voluntary Dismissal without prejudice pursuant to Fed. R. Civ.
2   P. 41(a)(1)(A)(i) on December 27, 2014. ECF No. 35.

3   Pursuant to Local Rule 7-2(d), Plaintiff's "failure. . . to file points and authorities in
4   response . . . shall constitute a consent to the granting of the motion." The Court therefore considers
5   the Plaintiff's failure to timely respond to Defendants' Motion to Dismiss as consent to the granting
6   of the motion.

7   The Court will not voluntarily dismiss the case without prejudice under Fed. R. Civ. P.
8   41(a)(1)(A)(i). Rather, the Court finds that the action is properly dismissed under Fed. R. Civ. P.
9   41(b), which states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court
10  order, a defendant may move to dismiss the action or any claim against it." When considering
11  whether to dismiss for failure to prosecute, district courts weigh the following factors: "(1) the
12  public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;
13  (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases
14  on their merits; and (5) the availability of less drastic sanctions." In re Eisen, 31 F.3d 1447, 1451
15  (9th Cir. 1994). Weighing each of these factors, the Court concludes that Defendants' motion
16  should be granted. The Court's review of the record indicates that Plaintiff has yet to respond to
17  Defendants' Motion to Dismiss filed on November 10, 2014. ECF No. 21. Therefore, the Court
18  finds that the first and second factors—the public's interest and the court's need to manage its
19  docket—weigh in favor of dismissal. The Court also finds that Defendants are prejudiced by
20  Plaintiff's failure to prosecute, as unreasonable delay creates a presumption of prejudice that
21  Angulo has not rebutted. Eisen, 31 F.3d at 1452-53 (quoting Anderson v. Air West, Inc., 542 F.2d
22  522, 524 (9th Cir. 1976)). While the fourth factor (the public policy favoring disposition of cases
23  on their merits) generally weighs in a plaintiff's favor, in this case the Plaintiff has moved for
24  voluntary dismissal under 41(a); additionally, the other factors weigh heavily in the Defendants'
25  favor. Finally, the Court finds that there are no less drastic sanctions available in this case. Plaintiff
26  has failed to prosecute this action despite receiving notice of a dispositive motion. The Court does
27  not find that any alternatives exist that would remedy the delay and prejudice imposed upon
28  Defendants by Plaintiff's delay.

- 2 -

**II. Sanctions**

On December 2, 2014, Defendants moved for Rule 11 sanctions under the FRCP on the basis that Plaintiff's Complaint is frivolous and was presented for an improper purpose. Mot. Sanctions, ECF No. 32. Defendants argue that Plaintiff brings this current action against the same Defendants for the third time for the same underlying conduct, on the basis of a newly discovered "Galaxy-LVS Tender Submission" ("Submission") in November 2011. Id. at 2.

Plaintiff filed a timely response on December 19, 2014, asserting that its actions were not frivolous or improperly before the Court because Plaintiff was not aware that the Submission had been produced to previous counsel during the 2007 action against Defendants and Plaintiff's counsel conducted reasonable and competent inquiry into the facts of this matter. ECF No. 34.

Rule 11 of the FRCP allows a court to impose sanctions against a party or attorney that presents a pleading or written motion that is not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b), (c). Rule 11 sanctions shall be assessed if, under an objective standard, "the paper filed in district court and signed by an attorney . . . is frivolous, legally unreasonable or without factual foundation, even though the paper was not filed in bad faith." Golden Eagle Distrib. Corp. v. Burroughs Corp., 801 F.2d 1531, 1537-38 (9th Cir. 1986) (internal quotation marks omitted). "One of the fundamental purposes of Rule 11 is to reduce frivolous claims, defenses, or motions and to deter costly meritless maneuvers . . . thereby avoiding delay and unnecessary expense in litigation." Christian v. Mattel, Inc., 286 F.3d 1118, 1127 (9th Cir. 2002).

The Ninth Circuit has held that "[w]hen, as here, a 'complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it.'" Holgate v. Baldwin, 425 F.3d 671, 676 (9th Cir. 2005) (quoting Christian v. Mattel, Inc., 286 F.3d 1118, 1127 (9th Cir. 2002). The Ninth Circuit considers the word "frivolous" "to denote a filing that is *both* baseless *and* made without a reasonable and competent inquiry." Id. (quoting Moore v. Keegan Mgmt. Co, 78 F.3d 431, 434 (9th Cir.1996)).

1  Defendants do not dispute that, had Plaintiff discovered the Galaxy-LVS Tender Submission for the first time in November 2011, this would have been a basis for the current Complaint. Rather, the Defendants focus their argument on the second prong of the inquiry: whether the Plaintiff's attorney conducted a reasonable and competent inquiry before filing and signing the Complaint. Defendants allege that Plaintiff's attorney failed to do so because the Galaxy-LVS Tender Submission was produced during discovery in 2009. Mot. Sanctions at 13.

The Court has no basis upon which to determine that the Plaintiff's attorney did not conduct a reasonable and competent inquiry before filing and signing the Complaint. The Plaintiff asserts two arguments in its defense. First, when the Galaxy-LVS Tender Submission was produced, Plaintiff's counsel at the time withdrew, did not review the discovery in its entirety, and did not provide to Plaintiff the complete case files until after 2011—after the Plaintiff had already received the Submission. Response at 3-4. Second, the Plaintiff conducted a reasonable and competent inquiry prior to bringing the present action, and believed in good faith that they had not received the Submission. Plaintiffs' inquiry included reviewing "thousands of pages of electronically stored documents" and discussing with Plaintiff's Macau counsel their review of the documents. Id. at 5.

Defendants further argue that Plaintiff presents its Complaint for the improper purpose of harassing Defendants and imposing costs on them. Mot. Sanctions at 17. The Court finds that Plaintiff was under a good faith belief that it had discovered the Submission for the first time in 2011 and was therefore within its right to bring an action against Defendants. This finding is supported by Plaintiff's later actions, including the decision not to oppose Defendants' Motion to Dismiss as well as filing the Notice of Voluntary Dismissal. ECF No. 35.

The Court therefore denies Defendants' Motion for Sanctions (ECF No. 32).

. . .

. . .

. . .

### III. Conclusion

For these reasons,

**IT IS ORDERED** that Defendants' Motion to Dismiss for Failure to Prosecute Against Plaintiff Asian American Entertainment Corporation, Limited is GRANTED and Defendants' Motion for Sanctions is DENIED.

DATED: August 31, 2015.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**